UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSUE ALVAREZ,

Petitioner,

v. Case No.: 2:26-cv-01088-SPC-NPM

SOUTH FLORIDA DETENTION FACILITY,

Respondent,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Josue Alvarez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 13).

Alvarez is a native of Cuba who was paroled into the United States in 1995. In 2014, he was convicted. The Department of Homeland Security issued a final administrative removal order on February 17, 2016. Immigration and Customs Enforcement ("ICE") could not execute the removal order, so it released Alvarez under an order of supervision on August 2, 2016. Alvarez was also convicted in 2022.

On January 7, 2026, local police arrested Alvarez for resisting an officer and loitering, and ICE issued an immigration detainer. On March 22, 2026, ICE revoked the order of supervision and detained Alvarez. Alvarez argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Alvarez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2016, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden shifts to the government, but it fails to rebut with any reason to believe removal is likely to happen soon. The Court finds no significant likelihood Alvarez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Alvarez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Josue Alvarez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Alvarez poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Alvarez may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on October 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record